21947

The STATE, Respondent, v. Steve F. COX, Appellant.

(305 S. E. (2d) 76)

*George M. Hearn, Jr.*, of *Stevens, Stevens, Thomas, Hearn & Hearn, P.A.*, Loris, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Martha L. McElveen*, Columbia, and *Sol. J. Dupre Miller*, Bennettsville, *for respondent.*

July 7, 1983.

LEWIS, Chief Justice.

Appellant struck and killed a bicyclist while driving his vehicle along Highway No. 41 in Dillon County, South Carolina. He was subsequently convicted of involuntary manslaughter and sentenced to one year's imprisonment. He appeals charging that the evidence was insufficient to sustain his conviction. We agree and reverse.

The accident occurred along a straight course of the highway as appellant was driving north and the deceased was

apparently heading south. The collision took place at about 2:45 a.m. The deceased was a black man, wearing mostly dark clothing, riding a bicycle at night without lights. It was stipulated that the deceased had a blood alcohol content considerably in excess of the level from which intoxication may be presumed.

At the time of impact, appellant, travelling at a lawful rate of speed, was just beginning to pass a truck in front of him which was proceeding about ten miles per hour below the speed limit. Just before the impact, the driver of the vehicle in front of appellant saw the deceased proceeding across the center line into oncoming traffic. The driver of the front vehicle was able to swerve to the right and miss the deceased. However, appellant could not see the deceased in time to avoid striking him.

The only reasonable inference to be drawn from this evidence is that appellant was driving in a lawful manner when a drunken bicyclist, driving without lights in the darkness, came suddenly into his path. Under these facts, the trial judge was in error in refusing appellant's timely trial motion for a directed verdict of not guilty.

Judgment is accordingly reversed and the cause remanded for entry of judgment in favor of appellant.

NESS, GREGORY and HARWELL, JJ., and PAUL M. MOORE, Acting Associate Justice, concur.